## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| Memory Care America LLC, *et al.*,[1] | § § | Case No. 19-51385 |
| Debtors. | § § § | (Joint Administration Requested) |

### DEBTORS' EMERGENCY MOTION FOR ENTRY OF ORDER APPROVING STIPULATION AUTHORIZING USE OF CASH COLLATERAL AND PROVIDING ADEQUATE PROTECTION

Memory Care America, LLC ("**MCA**") and its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"),[2] respectfully state the following in support of this motion (this "**Motion**"):

### JURISDICTION

1.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows:  MCA Westover Hills Operating Company, LLC, 1960; MCA Mainstreet Tenant LLC, N/A; MCA Management Company, Inc., 3290; MCA New Braunfels Operating Company, LLC, 8045; MCA Westover Hills, LLC, 6181; Memory Care America, 9955; Memory Care at Good Shepherd, LLC, 1527.  The Debtors' mailing address is 2211 NW Military Highway, Suite 201, San Antonio, TX 78213.

[2]     A detailed description of the Debtors and their businesses, and the facts and circumstances supporting the Debtors' Chapter 11 Cases, are set forth in greater detail in the *Declaration of Kenneth Luccioni in Support of Chapter 11 Petitions and First Day Motions* (the "**First Day Declaration**"), filed contemporaneously with the Debtors' voluntary petitions for relief filed under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), on the date hereof (the "**Petition Date**").  Capitalized terms used, but not otherwise defined in this Motion shall have the meanings ascribed to them in the First Day Declaration.

1

2.      The relief sought in this Motion is based upon sections 105, 361, 363, and 507 of the Bankruptcy Code and Rules 2002, 4001, 6003, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## BANKRUPTCY RULE 4001 CONCISE STATEMENT

3.      Pursuant to Bankruptcy Rule 4001(b), the Debtors submit the following concise statement of the material terms of the proposed *Order Approving Stipulation Authorizing Use of Cash Collateral and Providing Adequate Protection* (the "**Order**") attached hereto as **Exhibit A**, which seeks approval of the *Stipulation Authorizing Use of Cash Collateral and Providing Adequate Protection* (the "**Stipulation**") attached hereto as **Exhibit B**:

| Summary of Material Terms: | | Location: |
|---|---|---|
| **Parties asserting an interest in Cash Collateral** Bankruptcy Rule 4001(b)(1)(B)(i) | Secured Creditor. | Order ¶ D |
| **Purposes for Use of Cash Collateral** Bankruptcy Rule 4001(b)(1)(B)(ii) | Debtors will be authorized to use the Cash Collateral, provided they have otherwise abided by the terms of the Stipulation, through the Termination Date. | Stipulation ¶ 2 |
| **Termination Date** Bankruptcy Rule 4001(b)(1)(B)(iii) | The Termination Date will be upon the occurrence of the earlier of (a) an Event of Default and the provision of five (5) business day's written notice thereof by the Secured Creditor to the Debtors, the Debtors' counsel, the official committee of unsecured creditors, if any, or the top thirty unsecured creditors on a consolidated basis, if no Committee has been appointed, and the Office of the U.S. Trustee (which notice may be given by facsimile or e-mail transmission) (the "**Default Notice**"), or (b) December 12, 2019 at 11:59 p.m., unless such date is extended in writing by the Secured Creditor. | Stipulation ¶ 7 |

2

| Summary of Material Terms: | | Location: |
|---|---|---|
| **Adequate Protection** Bankruptcy Rule 4001(b)(1)(B)(iv) | Adequate protection will include:  (a) a superpriority administrative claim (the "**Superpriority Administrative Claim**"), to the extent of any post-Petition Date diminution in value of her interest in Collateral caused by the use of the Collateral; (b) to the extent of any post-Petition Date diminution in value of her interest in Collateral caused by the use of the Collateral, the Secured Creditor is hereby granted (i) valid and perfected replacement liens and security interests in the Collateral, and (ii) valid and perfected replacement liens and security interests in any post-petition assets of the same type and kind as the Collateral (the "**Replacement Liens**"), which Replacement Liens shall be valid, perfected, enforceable and unavoidable to the extent of the Secured Creditor's liens and security interests as of the Petition Date; and (c) the payment, in cash, within three business days of the entry of the Order of $4,200, together with monthly payments, payable on the first business day of each month, of $1,400, in each case to be applied in accordance with the Gearhart Loan Documents; *provided however* that the adequate protection is subject and subordinate to the Carve Out. | Stipulation ¶ 3 |
| **Carve Out** Bankruptcy Rule 4001(b)(1)(B)(iii) | The Replacement Liens and Superpriority Administrative Claim (1) shall not attach to or be enforceable against any avoidance powers or actions, or any proceeds thereof, of MCA or any trustee for MCA, including those pursuant to the avoidance powers set forth in sections 544, 545, 547, 548, 549, 550, 551 and 553 of the Bankruptcy Code, and (2) shall be in all cases subordinate in all respects to any amounts that MCA is obligated to pay to the U.S. Trustee or for which MCA becomes liable for post-Petition Date fees; to all allowed fees and expenses of the professionals of the Debtors and any statutory committee; and to any fees of any patient care ombudsman (the "**Carve-Out**"). | Stipulation ¶ 3(c) |

17827107.1
218541-10011

## BACKGROUND

4.      On the Petition Date, voluntary petitions for relief under chapter 11 of the Bankruptcy Code were filed by the above-captioned debtors, including Memory Care America, LLC ("**MCA**").

5.      MCA is the borrower pursuant to that certain Amended and Restated Promissory Note dated as of April 1, 2015 (the "**Promissory Note**") among MCA and Betty Gearhart (the "**Secured Creditor**") in the amount of $238,577.81.

6.      Pursuant to that certain Assignment and Security Agreement, dated July 13, 2012 (the "**Security Agreement**" and, with the Promissory Note, collectively, the "**Gearhart Loan Documents**"), the Secured Creditor asserts a security interest in and lien on substantially all assets of MCA (the "**Collateral**") to secure payment of the Promissory Note, which asserted security interest includes cash collateral as such term is defined in section 363(a) of the Bankruptcy Code (the "**Cash Collateral**").

7.      Secured Creditor has consented to the use of the Cash Collateral on the terms set forth in the Stipulation.

## RELIEF REQUESTED

8.      Pursuant to section 363(c) of the Bankruptcy Code, the Debtors seek entry of the Order approving MCA to use Cash Collateral as agreed to in the Stipulation.

9.      As provided for in the Stipulation, under sections 361 and 363(e) of the Bankruptcy Code, the Debtors seek to grant adequate protection to the Secured Creditor, subject and subordinate to the Carve Out, consisting of: (a) replacement liens in all of MCA's currently owned or hereafter acquired property and assets to the extent of any decrease in value of the Collateral, including Cash Collateral, as a result of the Debtors' post-petition use of the

17827107.1
218541-10011

Collateral and the imposition of the automatic stay; and (b) adequate protection payments in the amount of $4,200 within three business days after entry of the Order and then $1,400 payable on the first business day of each month, in each case to be applied in accordance with the Gearhart Loan Documents.

10.     As provided for in the Stipulation and pursuant to section 507(b) of the Bankruptcy Code, Secured Creditor shall also be granted the Superpriority Administrative Claim, with priority in payment over any and all administrative expenses arising under Bankruptcy Code sections 503(b) and/or 507(a), subject and subordinate to the Carve Out, to the extent that all other adequate protection provided by the Order fails.

## BASIS FOR RELIEF REQUESTED

11.     A debtor's use of property of the estate, including cash collateral, is governed by section 363 of the Bankruptcy Code. Pursuant to section 363(c)(2), a debtor may use cash collateral if "(A) each entity that has an interest in such cash collateral consents; or (B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of [section 363]." 11 U.S.C. § 363(c)(2).  In this instance, the Secured Creditor has consented to the use of the Collateral by the Debtors, provided that the MCA provides the Secured Creditor with adequate protection as set forth in the Stipulation.

12.     Section 363(e) of the Bankruptcy Code provides that "on request of an entity that has an interest in property . . . to be used, sold or leased, by the trustee, the court . . . shall prohibit or condition such use, sale or lease as is necessary to provide adequate protection of such interest." 11 U.S.C. § 363(e).  The Bankruptcy Code does not expressly define "adequate protection." Section 361 of the Bankruptcy Code, however, provides a non-exhaustive list of examples of adequate protection, including replacement liens and administrative priority claims.

5

*See* 11 U.S.C. § 361. Generally, courts decide what constitutes adequate protection on a case-by-case basis. *See In re Braniff Airways, Inc.*, 783 F.2d 1283, 1286 (5th Cir. 1986*); see also Resolution Trust Corp. v. Swedeland Dev. Group, Inc. (In re Swedeland Dev. Group, Inc.)*, 16 F.3d 552, 564 (3d Cir. 1994) ("[A] determination of whether there is adequate protection is made on a case by case basis.").

13.     Consistent with the purposes underlying the provision of adequate protection, the proposed Order provides the Secured Creditor with more than sufficient provisions to protect her from any diminution in value of her valid, perfected, and unavoidable security interests in the Collateral during the pendency of these chapter 11 cases.  This includes:  (a) the Superpriority Administrative Claim, to the extent of any post-Petition Date diminution in value of her interest in Collateral caused by the use of the Collateral; (b) Replacements Liens, which Replacement Liens shall be valid, perfected, enforceable and unavoidable to the extent of the Secured Creditor's liens and security interests as of the Petition Date; and (c) the payment, in cash, within three business days of the entry of the Order of $4,200, together with monthly payments, payable on the first business day of each month, of $1,400, in each case to be applied in accordance with the Gearhart Loan Documents; *provided however* that the adequate protection is subject and subordinate to the Carve Out.

14.     The Debtors have a critical need to obtain and use cash in order to continue the operation of their business.  Without such funds, MCA will not be able to pay post-petition direct operating expenses and obtain goods and services needed to carry on its business in a manner that will avoid irreparable harm to the Debtors' estates.  The ability of MCA to use cash collateral at this time is necessary to prevent immediate and irreparable harm and to preserve and maintain the going concern value of the Debtors' estates.

6

15.     The use of Cash Collateral and the adequate protection proposed herein is fair and reasonable under the circumstances, reflects the Debtors' exercise of prudent business judgment, and is supported by reasonably equivalent value and fair consideration. Also, the adequate protection proposed herein is expected to be sufficient to protect the interests of the Secured Creditor. As such, the Debtors should be afforded protection equivalent to that provided in section 364(e) of the Bankruptcy Code.

## INTERIM RELIEF SHOULD BE GRANTED

16.     The Debtors request immediate authority to use the Cash Collateral to fund the Debtors' day-to-day operations. Bankruptcy Rule 4001(b) provides that a final hearing on a motion to use cash collateral pursuant to section 363 of the Bankruptcy Code may not be commenced earlier than fourteen (14) days after the service of such motion. *See* Fed. R. Bankr. P. 4001(b); 11 U.S.C. 363. Upon request, however, the Court is empowered to conduct a preliminary expedited hearing on the motion and to authorize the restricted use of cash collateral to the extent necessary to avoid immediate and irreparable damage to the Debtors' estates.

17.     The Order provides that it shall be deemed to grant interim relief until the expiration of fourteen (14) days after the date of service of the Motion on the Notice Parties (as hereinafter defined) and shall thereafter be deemed to grant final relief; provided, however, that if an objection to the Motion ("**Objection**") is filed prior to the expiration of such fourteen (14) day period, the Order shall become final only after a hearing on the Motion and the Objection following such fourteen (14) day period. In the event an Objection is sustained, the terms and conditions and the respective rights and obligations of the parties set forth in the Order shall nevertheless remain binding, valid and in full force and effect for the period prior to entry of a court order sustaining such Objection.

17827107.1
218541-10011

18.     Without the interim relief requested by the Order, MCA will not be able to continue to operate its business.  Entry of an order authorizing the use of Cash Collateral will minimize disruption to the Debtors' business and operations and will permit MCA to pay operating expenses.  Allowing use of Cash Collateral, therefore, is in the best interest of the Debtors' estates.  Interim relief should be granted.

## NOTICE

19.     Notice of this Motion shall be provided to: (1) Debtors, (2) Debtors' counsel, (3) counsel for the unsecured creditors' committee (if any), (4) the United States Trustee, (5) all secured creditors, (6) the Debtors' consolidated list of 30 largest unsecured creditors, (7) the Department of Medicaid, Department of Health, and Division of Health Services Regulation in each state in which the Debtors operate Facilities, (8) any relevant governmental authority, and (9) any party who has filed a notice of appearance (collectively, the "**Notice Parties**").  Under the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules, the Debtors submit that no other further notice need be provided.

## NO PRIOR REQUEST

20.     No prior request for the relief sought herein has been made to this Court or any other Court.

## CONCLUSION

**WHEREFORE**, the Debtors respectfully request that the Court (i) grant the Motion; (ii) enter the Order attached hereto as <u>Exhibit A</u>, approving the Stipulation attached hereto as <u>Exhibit B</u>, (iii) overrule any Objections filed to the Motion; (iv) grant the Secured Creditor adequate protection as provided in the Order; and (v) grant all such other and further relief as is just and proper.

17827107.1
218541-10011

Dated: June 11, 2019
      Los Angeles, California

**LOEB & LOEB LLP**

*/s/*  Bernard R. Given II
Bernard R. Given II
State Bar No. 07990180
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA  90067-4120
Telephone: 310-282-2000
Facsimile: 310-282-2200
Email:  bgiven@loeb.com

-and-

Daniel B. Besikof (*Pro Hac Vice* Pending)
Bethany D. Simmons (*Pro Hac Vice* Pending)
345 Park Avenue
New York, New York 10154
Telephone: 212-407-4000
Facsimile: 212-407-4990
Email:  dbesikof@loeb.com
          bsimmons@loeb.com

*Proposed Counsel to the Debtors and Debtors*
*in Possession*

17827107.1
218541-10011

**Certificate of Service**

I hereby certify that on June 11, 2019, a true and correct copy of the above and foregoing Motion was caused to be served electronically on the parties registered to receive notice through the court's ECF noticing system.  I hereby further certify that within twenty four hours of the filing of this motion, a true and correct copy of the above and foregoing Motion was caused to be served via first class U.S. mail, postage prepaid, on the parties on the 2002 list by the Debtors' claims and noticing agent, Donlin, Recano & Company, Inc.

By:    */s/* Bernard R. Given
     Bernard R. Given II

17827107.1
218541-10011

## Exhibit A

**(Proposed Order)**

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| Memory Care America LLC *et al.*,[1] | § | Case No. 19-51385 |
| | § | |
| Debtors. | § | (Joint Administration Requested) |
| | § | |

**ORDER APPROVING STIPULATION AUTHORIZING USE OF**
**CASH COLLATERAL AND PROVIDING ADEQUATE PROTECTION**

The Court has considered the motion (the "**Motion**")[2] of the above-captioned debtors and

debtors in possession (collectively, the "**Debtors**") for entry of an order (this "**Order**"),

approving the stipulation authorizing the use of cash collateral and providing adequate

protection, all as more fully set forth in the Motion and the Stipulation. Having considered the

Motion, the First Day Declaration, and having heard the statements in support of the relief

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: MCA Westover Hills Operating Company, LLC, 1960; MCA Mainstreet Tenant LLC, N/A; MCA Management Company, Inc., 3290; MCA New Braunfels Operating Company, LLC, 8045; MCA Westover Hills, LLC, 6181; Memory Care America, LLC, 9955; Memory Care at Good Shepherd, LLC, 1527. The Debtors' mailing address is 2211 NW Military Highway, Suite 201, San Antonio, TX 78213.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth to them in the Motion.

requested therein at a hearing, if any, before this Court; and this Court having determined that the legal and factual bases set forth in the Motion, the Stipulation, and at the hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefore, the Court hereby finds and concludes as follows:

A.     This Court has jurisdiction over this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. § 1334. Consideration of the Motion constitutes a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A), (D), (G), (K), (M) and (O). Venue is proper in this district pursuant to 28 U.S.C. § 1409.

B.     The Debtors assert that a critical need exists for MCA to obtain and use cash in order to continue the operation of their businesses. Without such funds, the Debtors assert that MCA will not be able to pay post-petition direct operating expenses and obtain goods and services needed to carry on MCA's businesses in a manner that will avoid irreparable harm to the Debtors' estates.  At this time, the Debtors assert that MCA's ability to use cash collateral is necessary to preserve and maintain the going concern value of the Debtors' estates.

C.     On the Petition Date, voluntary petitions for relief under chapter 11 of the Bankruptcy Code were filed by the above-captioned debtors, including MCA.

D.     MCA is the borrower pursuant to that certain Amended and Restated Promissory Note dated as of April 1, 2015 (the "**Promissory Note**") among MCA and Betty Gearhart (the "**Secured Creditor**") in the amount of $238,577.81.

E.     Pursuant to that certain Assignment and Security Agreement, dated July 13, 2012 (the "**Security Agreement**" and, with the Promissory Note, collectively, the "**Gearhart Loan Documents**"), the Secured Creditor asserts a security interest in and lien on substantially all

assets of MCA (the "**Collateral**") to secure payment of the Promissory Note, which asserted security interest includes cash collateral as such term is defined in section 363(a) of the Bankruptcy Code (the "**Cash Collateral**").

## ORDER

Based upon the above findings, the Court, having reviewed the Motion, the Stipulation, and otherwise being fully advised, hereby **ORDERS** as follows:

1.     The Motion is **GRANTED** as provided herein.

2.     The Stipulation is **APPROVED**, including all of the provisions set forth therein.

3.     The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy procedure 7052, made applicable to this proceeding pursuant to Federal Rule of Bankruptcy Procedure 9014.  To the extent any of the findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the conclusions of law constitute findings of fact, they are adopted as such.

4.     The service of the Motion on the Notice Parties, providing such parties with an opportunity for final hearing, constitutes sufficient and adequate notice to all parties entitled to such notice, such notice is appropriate under the circumstances, and no other or further notice of the Motion or Order is or shall be required.

5.     Good cause has been shown for the entry of this Order.  The entry of this Order is in the best interests of the Debtors, their creditors, and their bankruptcy estates.  The terms and conditions of the use of Cash Collateral and the security interests, liens, rights, and priorities granted to Secured Creditor pursuant to the terms of the Stipulation are fair and appropriate under the circumstances.

6.      Subject to all reservation of rights in this Order, the provisions of this Order shall inure to the benefit of and shall be binding upon the Debtors and Secured Creditor and their respective successors and assigns, including any trustee, agent, administrator or other fiduciary hereafter appointed as legal representative of the Debtors, or with respect to property of the Debtors' estates, whether under Chapter 11 of the Bankruptcy Code or any subsequent Chapter 7 case, and shall also be binding upon all creditors of the Debtors and all other parties in interest, except as expressly set forth herein.

7.      In the event any or all of the provisions of this Order are reversed, stayed, modified, amended or vacated by a subsequent order of the Court or any other court, such reversal, stay, modification, amendment or vacation shall not affect the validity of any right or obligation arising under this Order prior to the effective date of such modification, amendment or vacation, and such right or obligation shall be governed in all respects by the provisions of this Order.

8.      This Order shall be deemed to grant interim relief until the expiration of fourteen (14) days after the date of service of the Motion and shall thereafter be deemed to grant final relief; provided, however, that if an objection to the Motion ("**Objection**") is filed prior to the expiration of such fourteen (14) day period, this Order shall become final only after a hearing on the Motion and Objection following such fourteen (14) day period.  In the event the Objection is sustained, the terms and conditions and the respective rights and obligations of the parties set forth herein shall nevertheless remain binding, valid and in full force and effect for the period prior to entry of a court order sustaining such Objection.

This Order is without prejudice to the parties' rights to request a hearing regarding the Debtors' current or future use of cash collateral.

###

**Submitted by:**
Bernard R. Given II
State Bar No. 07990180
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA  90067
Telephone: 310.282.2000
Facsimile: 310.282.2200
Email:  bgiven@loeb.com

# Exhibit B

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Memory Care America LLC *et al.*,[1] | § | Case No. 19-51385 |
| | § | |
| Debtors. | § | (Joint Administration Requested) |
| | § | |

## STIPULATION AUTHORIZING USE OF CASH COLLATERAL AND PROVIDING ADEQUATE PROTECTION

**WHEREAS**, on June 4, 2019 (the "Petition Date"), voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") were filed by the above-captioned debtors, including Memory Care America, LLC ("MCA"); and

**WHEREAS**, MCA is the borrower pursuant to that certain Amended and Restated Promissory Note dated as of April 1, 2015 (the "Promissory Note") among MCA and Betty Gearhart (the "Secured Creditor") in the amount of $238,577.81; and

**WHEREAS**, pursuant to that certain Assignment and Security Agreement, dated July 13, 2012 (the "Security Agreement" and, with the Promissory Note, collectively, the "Gearhart Loan Documents"), the Secured Creditor asserts a security interest in and lien on substantially all assets of MCA (the "Collateral") to secure payment of the Promissory Note, which asserted security interest includes cash collateral as such term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"); and

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are as follows:  MCA Westover Hills Operating Company, LLC, 1960; MCA Mainstreet Tenant LLC, N/A; MCA Management Company, Inc., 3290; MCA New Braunfels Operating Company, LLC, 8045; MCA Westover Hills, LLC, 6181; Memory Care America, LLC, 9955; Memory Care at Good Shepherd, LLC, 1527. The Debtors' mailing address is 2211 NW Military Highway, Suite 201, San Antonio, TX 78213.

1

**WHEREAS**, MCA has reached an agreement with the Secured Creditor for the use of Cash Collateral during the pendency of the above captioned cases, to the extent set forth herein; and

**WHEREAS**, in order to provide the Secured Creditor with adequate protection of her asserted security interest in the Collateral, defined as all collateral the Secured Creditor claims to hold a prior and perfected pre-petition lien or security interest against under the Security Agreement, the parties have agreed, except as is otherwise set forth herein, that: (i) the Secured Creditor will retain her liens and security interests in the Collateral as of the Petition Date and the proceeds thereof; (ii) the Secured Creditor's liens and security interests will be deemed valid, perfected, enforceable and unavoidable to the same extent such liens and security interests were valid, perfected, enforceable and unavoidable on the Petition Date; and (iii) such liens and security interests will continue in full force and effect, and continue to encumber the Collateral, to the extent thereof;

**NOW, THEREFORE**, in consideration of the mutual promises set forth herein and other good and valuable consideration, the adequacy of which is acknowledged, the Debtors and the Secured Creditor hereby stipulate and agree as follows (this "Stipulation"):

1.       Notwithstanding any of the provisions set forth herein, this Stipulation is subject to an appropriate order of the United States Bankruptcy Court for the Western District of Texas (the "Court"), which must approve the provisions set forth herein (the "Order"). In the event any or all of the provisions of the Court's Order are reversed, stayed, modified, amended or vacated by a subsequent order of the Court or any other court, such reversal, stay, modification, amendment or vacation shall not affect the validity of any right or obligation arising under the Court's Order prior

2

to the effective date of such modification, amendment or vacation, and such right or obligation shall be governed in all respects by the provisions of the Court's Order.

2.     The Debtors shall have the right to use and expend any and all Collateral, including all Cash Collateral and any other Collateral which constitutes "cash collateral" as defined in section 363(a) of the Bankruptcy Code, in accordance with the terms of this Stipulation, through the Termination Date (defined below).

3.     As "adequate protection" pursuant to section 361 and 363(e) of the Bankruptcy Code of the Secured Creditor's interest in Collateral as of the Petition Date, for the Debtors' expenditure and other use of all Collateral, including such Collateral that constitutes "cash collateral" (as defined in section 363(a) of the Bankruptcy Code) and including the Cash Collateral, and for the effect of the automatic stay under section 362(a) of the Bankruptcy Code as may be required (which stay shall remain in force against the Secured Creditor, including with regard to all Collateral, except as expressly provided otherwise in this Stipulation), the Secured Creditor shall have the following protections (and the Debtors shall have the following described obligation(s)):

a.   Pursuant to sections 503 and 507 of the Bankruptcy Code, the Secured Creditor is hereby granted a superpriority administrative claim (the "Superpriority Administrative Claim"), to the extent of any post-Petition Date diminution in value of her interest in Collateral caused by the use of the Collateral.

b.   To the extent of any post-Petition Date diminution in value of her interest in Collateral caused by the use of the Collateral, the Secured Creditor is hereby granted (i) valid and perfected replacement liens and security interests in the Collateral, and (ii) valid and perfected replacement liens and security interests in

3

any post-petition assets of the same type and kind as the Collateral (the "Replacement Liens"), which Replacement Liens shall be valid, perfected, enforceable and unavoidable to the extent of the Secured Creditor's liens and security interests as of the Petition Date. The Replacement Liens shall only become available upon final approval by the Court in the Order.

c. Notwithstanding the foregoing clauses (a) and (b), (i) the Replacement Liens and Superpriority Administrative Claim (1) shall not attach to or be enforceable against any avoidance powers or actions, or any proceeds thereof, of MCA or any trustee for MCA, including those pursuant to the avoidance powers set forth in sections 544, 545, 547, 548, 549, 550, 551 and 553 of the Bankruptcy Code, and (2) shall be in all cases subordinate in all respects to any amounts that MCA is obligated to pay to the U.S. Trustee or for which MCA becomes liable for post-Petition Date fees; to all allowed fees and expenses of the professionals of the Debtors and any statutory committee; and to any fees of any patient care ombudsman (the "Carve-Out"); and (ii) the Secured Creditor shall have no right to recover, and shall have no continuing lien, security interest or other interest or claim in or against, any amounts spent, paid or otherwise transferred or disbursed by the Debtors to any third party pursuant to paragraph 2 above. Except as set forth in this paragraph, no costs or expenses of administration which have been or may be incurred in any of the chapter 11 cases at any time shall be charged against the Secured Creditor, MCA's obligations (the "Obligations") under the Promissory Note and Security Agreement, the Secured Creditor's claims, or the Collateral pursuant to sections 506(c) or 105(a) of the Bankruptcy Code, or otherwise, without the prior written

4

consent of the Secured Creditor, and no such consent shall be implied from any other action, inaction, or acquiescence by the Secured Creditor or its representatives.

d.  Subject to and without limiting or otherwise modifying the terms of the preceding clause (c) including in respect of the Carve-Out, the Superpriority Administrative Claim shall have priority in payment over any other indebtedness or obligations now in existence or incurred hereafter by the Debtors and over all administrative expenses or charges against property arising in the Debtors' chapter 11 cases or any superseding chapter 7 cases.

e.  Pursuant to Bankruptcy Code Section 361(1), the payment, in cash, within three business days of the entry of this Order of $4,200, together with monthly payments, payable on the first business day of each month, of $1,400, in each case to be applied in accordance with the Gearhart Loan Documents.

4.    This Stipulation shall be binding, enforceable and perfected upon the entry of the Court's Order.  The Court's Order shall provide that the Debtors are authorized and directed to execute such documents including, without limitation, Uniform Commercial Code financing statements and to pay such costs and expenses as may be reasonably required to perfect the Secured Creditor's security interests in the Collateral as and to the extent provided herein; the Secured Creditor is authorized (but not required) to file and record financing statements with respect to such security interests and liens, all such financing statements being deemed to have been filed or recorded on the Petition Date, subject to the other terms of this Stipulation.

17829159.1
218541-10011

5.    Each of the following shall constitute an "Event of Default" for purposes of this Stipulation (provided that, to the extent the Debtors cure any such alleged default, such occurrence shall no longer constitute an "Event of Default" hereunder):

    a.   The Court enters an order authorizing the sale of all or substantially all assets of the Debtors that does not provide for the payment in full to the Secured Creditor of all of her claims in cash upon the closing of the sale, unless otherwise agreed by the Secured Creditor;

    b.   The Court enters an order granting relief from the automatic stay to a third party with respect to material assets of the Debtors' estates;

    c.   The Debtors' bankruptcy cases are either dismissed or converted to chapter 7 cases, pursuant to an order of the Court, the effect of which has not been stayed;

    d.   A chapter 11 trustee or an examiner with expanded powers is appointed by order of the Court, the effect of which has not been stayed;

    e.   The Court's Order is reversed, vacated, stayed, amended, supplemented or otherwise modified in a manner which shall (i) materially and adversely affect the rights of the Secured Creditor hereunder, or (ii) materially and adversely affect the priority of any or all of the Secured Creditor's claims and/or the liens granted herein;

    f.   Any material and/or intentional misrepresentation by the Debtors in any financial reporting or certifications provided by the Debtors to the Secured Creditor in the period after the Petition Date;

    g.   Any Debtor shall have asserted, in a pleading filed with the Court (or another court of competent jurisdiction), a claim or challenge against the Secured Creditor in any way materially contrary to the terms of this Stipulation;

    h.   The Debtors shall have filed a motion (x) seeking to obtain credit or incur indebtedness that is, or is proposed to be, secured by a security interest, mortgage, or other lien on all or any portion of the Collateral that is equal or senior to any security interest, mortgage, or other lien of the Secured Creditor, or entitled to administrative expense priority status that is equal or senior to that granted to the Secured Creditor herein, unless consented to in writing by the Secured Creditor; or (y) seeking authority to use Cash Collateral on a non-consensual basis, unless the Debtors have paid the Obligations in full to the satisfaction of the Secured Creditor or as determined by the Court.

    i.   Non-compliance or default by the Debtors with any of the terms and provisions of this Stipulation.

17829159.1
218541-10011

6.    With respect to an Event of Default as to which a Default Notice (defined below) has been given, MCA shall have five (5) business days from the receipt of the Default Notice to cure such default.

7.    Upon the occurrence of the earlier of (a) an Event of Default and the provision of five (5) business days' written notice thereof by the Secured Creditor to the Debtors, the Debtors' counsel, the official committee of unsecured creditors (the "Committee"), if any, or the top thirty unsecured creditors on a consolidated basis, if no Committee has been appointed, and the Office of the U.S. Trustee (which notice may be given by facsimile or e-mail transmission) (the "Default Notice"), or (b) December 12, 2019 at 11:59 p.m., unless such date is extended in writing by the Secured Creditor (the "Termination Date"), the Secured Creditor's consent to the Debtors' use of the Cash Collateral shall terminate, and the Secured Creditor shall have the right to move the Court for appropriate relief, including, but not limited to, relief from the restrictions of section 362 of the Bankruptcy Code.

8.    No waiver by the Secured Creditor of any violation or default under a condition expressed in this Stipulation by the Debtors will be construed as, or constitute, a continuing waiver of such provision, or a waiver of any other violation, default or condition provided for herein.

9.    Subject to applicable law, the terms of this Stipulation shall be binding upon and inure to the benefit of the successors and assigns of each party hereto, including any trustee appointed with regard to the Debtors under the Bankruptcy Code, whether in a chapter 7 case or in these chapter 11 cases.

10.    The provisions of this Stipulation shall be deemed to have been jointly drafted by the Debtors and the Secured Creditor and shall not be construed against a party because of its role in drafting this Stipulation.

17829159.1
218541-10011

11.     This Stipulation may be executed in one or more counterparts, all of which shall be

deemed to be a single original.

Dated:   Los Angeles, California
         June 11, 2019

**LOEB & LOEB LLP**
Bernard R. Given II
State Bar No. 07990180
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA  90067
Telephone: 310.282.2000
Facsimile: 310.282.2200
Email:  bgiven@loeb.com

*Proposed Counsel for Debtors and Debtors
in Possession*

Dated:   Jupiter, Florida
         June 11, 2019

Betty Gearhart

*Secured Creditor*

8

17829159.1
218541-10011